UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AMANDA TERESA B.A. (A-Number: 209-007-067),

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-04944-KES-EGC (HC)

**FINDINGS AND RECOMMEDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRE IMMEDIATE RELEASE**

(Doc. 1)

FIVE (5) DAY DEADLINE

Petitioner Amanda B.A. is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. (Doc. 1). The Court construed the petition as challenging the statutory authority for Petitioner's detention and ordered Respondents to show cause why the petition should not be granted. (Doc. 8). Respondents argue that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b), but acknowledge that the Ninth Circuit rejected that argument in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and held that 8 U.S.C. § 1226(a) applies to noncitizens in Petitioner's circumstances. *See* Doc.13.

Respondents further argue that in light of *Rodriguez Vazquez*, "Petitioner is therefore

entitled to seek a custody redetermination hearing before an immigration judge." *See id.* at 1. Respondents are incorrect.

This Court has typically ordered immediate release because Respondents have taken the position that Petitioner is subject to mandatory detention under § 1225(b) and have not attempted to justify Petitioner's detention under § 1226(a). *See J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025). The undersigned declines to *sua sponte* construe Petitioner's detention as one arising under § 1226(a). *See Cartagena Hueso v. Soto*, No. 26-1455 (ZNQ), 2026 WL 539271, at *3 (D.N.J. Feb. 26, 2026). Moreover, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla*, 2025 WL 2688541, at *11. "Section 1226(a) plainly states: '*On a warrant issued by the Attorney General*, a [noncitizen] may be arrested and detained." *Chogllo Chafla*, 2025 WL 2688541, at *11 (quoting 8 U.S.C. § 1226(a)). "As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* There is no evidence in the record that respondents used a warrant to arrest petitioner. "Since the Government did not comply with the plain language of section 1226(a), [petitioner's] immediate release is justified." *Id.*; *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025) (reaching the same conclusion). Therefore, the undersigned finds that the appropriate remedy is petitioner's immediate release.

In considering the proper remedy on Petitioner's due process claim, the undersigned is cognizant of the fact that an immigration judge has since determined that Petitioner poses a flight risk. (*See* Doc. 13-1 at 11). However, other courts within the Ninth Circuit have concluded that "a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing." *Nurlan Gudavasov v. David Marin*, No. 5:26-CV-00541-AH-(MBK), 2026 WL 712827, at *3 (C.D. Cal. Mar. 9, 2026) (collecting cases); *see also Anderson v. Chernut*, No. 1:26-CV-01960-DAD-CKD, 2026 WL 809990, at *3 (E.D. Cal. Mar. 24, 2026) ("Respondents argue that petitioner has received all the process due to her because she received a post-deprivation bond hearing. . . . The court disagrees."); *Mumaev v. Semaia*, No. 5:25-CV-03409-FLA (MAR), 2026 WL 530765, at *6 (C.D. Cal. Feb. 20, 2026) (ordering

petitioner's release from custody where the government failed to provide a pre-deprivation hearing, notwithstanding an immigration judge's subsequent determination that petitioner posed a flight risk); *Domingo v. Kaiser*, No. 25-cv-05893, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention."); *Hasratyan v. Bondi*, No. 5:26-CV-00210-MCS-ADS, 2026 WL 288909, at *4 (C.D. Cal. Feb. 2, 2026) (concluding that where a petitioner received a procedurally deficient post-detention bond hearing, "the post-detention process Petitioner received and will receive is no substitute for the pre-detention process she was owed"); *Pinchi v. Noem*, 792 F. Supp. 3d 1025 (N.D. Cal. 2025); *Riveros-Sanchez v. City of Easton*, 861 F. App'x 819, 822 (3d Cir. 2021) ("[I]f a pre-deprivation hearing was required, then no amount of post deprivation process could cure the ... initial failure to provide a hearing."). The undersigned therefore finds that the immigration judge's subsequent denial of Petitioner's release at a custody redetermination hearing does not cure Respondents' failure to provide Petitioner with notice and the opportunity to be heard *before* revoking her release.

**RECOMMENDATION**

Accordingly, the undersigned recommends the following:

1. The petition for writ of habeas corpus, (Doc. 1), be GRANTED.
2. That Respondents release Petitioner Amanda Teresa B.A. (A-Number: 209-007-067) immediately.
3. If respondents seek to re-detain Petitioner, that they must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.
4. Respondents be ORDERED to provide Petitioner with a copy of this Order upon their release.
5. The Clerk of Court be DIRECTED to close this case and enter judgment for petitioner. The Clerk is directed to serve the California City Detention

Facility with a copy of this Order.

Notice of Expedited Objections: Given the recommendation to grant the petition in part, a party may file written objections with the Court within five (5) days of service of these Findings and Recommendations. 28 U.S.C. § 636(b)(l); Local Rule 304(b) (permitting court to set a different time). These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within five (5) days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **August 19, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE