UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA TERESA B.A. (A-Number: 209-007-067), Petitioner, v. Warden of the California City Detention Facility, et al., Respondents. | No. 1:26-cv-04944-KES-EGC (HC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Amanda Teresa B.A. is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 20, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering petitioner's immediate release. Doc. 14 . The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within five days after service. On August 25, 2026, respondents filed a one sentence objection, objecting "to the findings and recommendations for

the reasons stated in the Respondents' response to the petition." Doc. 15.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the Court declines to adopt the findings and recommendations. Petitioner previously filed a petition for writ of habeas corpus. *See Bonilla Amaya v. Chestnut et al.*, Case No. 1:26-cv-01393-KES-SKO. This court granted that habeas petition in part and ordered that petitioner be provided with a post-deprivation bond hearing where the government bore the burden of establishing that petitioner was a flight risk or danger. *See id.*, Doc. 9 (2/19/26 Order). Pursuant to the court's order, petitioner was provided with such a bond hearing on February 25, 2026, and an immigration judge denied bond after finding that the government had met its burden of proving that petitioner was a significant flight risk, noting among other considerations that petitioner had cut off her ankle monitor before she was re-detained by immigration authorities. Doc. 13-1 at 11–12.

Petitioner has filed a new habeas petition, arguing that her continued detention without a (pre-deprivation) bond hearing violates due process. *See* Doc. 1. But petitioner has already received at least one post-deprivation bond hearing as ordered by the court, petitioner does not address the merits of the immigration court's denial of bond based on flight risk, and petitioner does not raise any new claims or establish a basis for the court to reconsider its prior order.

The Court ORDERS:

1. The court declines to adopt the findings and recommendations issued on August 20, 2026, Doc. 14.
2. The petition for writ of habeas corpus, Doc. 1, is dismissed without prejudice.
3. The Clerk is directed to terminate any remaining motions as moot and close this case.

IT IS SO ORDERED.

Dated: September 6, 2026

UNITED STATES DISTRICT JUDGE